# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JAMES E. JOHNSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 1:11-CV-1727-VEH** |
| | ) |
| **ARC OF JEFFERSON COUNTY,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Plaintiff James Ellis Johnson ("Mr. Johnson") initiated this job discrimination case arising under Title VII against Defendant ARC of Jefferson County ("ARC") on May 25, 2011. (Doc. 1). Pending before the court is ARC's Motion to Dismiss and/or, Alternatively, Motion for a More Definite Statement (Doc. 9) (the "Motion") filed on September 6, 2011. Under appendix III of the uniform initial order (Doc. 3) entered on May 31, 2011, the deadline for Plaintiff to oppose this Motion ran on September 20, 2011. (*Id.* at 22 ¶ 2).

Because Mr. Johnson had neither filed a response to the Motion nor sought an extension of time in which to respond, on September 29, 2011, the court entered a show cause order. (Doc. 10). Under the show cause order, Mr. Johnson had until

October 6, 2011, to explain why ARC's Motion should not be granted. (*Id.* at 1). Mr. Johnson has similarly missed this deadline. For the reasons explained below, the Motion is **GRANTED IN PART** and is otherwise **DENIED**.

## II.  Standards

### A.  Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

### B.     Mr. Johnson's Failure to Oppose

Mr. Johnson's failure to file any opposition to ARC's Motion or to respond to this court's show cause order is not without significant repercussions. As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments

that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, *1.

### III.   Analysis

ARC seeks to dismiss Mr. Johnson's "claims relating to retaliation, his termination, any reprimand and/or administrative leave, because Plaintiff has failed to exhaust his administrative remedies." (Doc. 9 at 1). The Motion "further requests that [Mr. Johnson's] retaliation [claim] and any hostile work environment religious harassment claim [that remain] be dismissed for failure to state a claim upon which relief can be granted." (*Id.*). Finally, ARC requests an order under Rule 12(e) that Mr. Johnson be required to replead any other claims that remain. (*Id.* at 1-2).

As a preliminary matter, the court disagrees with ARC's administrative exhaustion argument. In particular, noticeably absent from ARC's Motion is any

4

mention of, much less a discussion about, the so-called *Gupta* rule. *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. (Unit A) Aug. 1981).[1] In *Gupta*, the former Fifth Circuit held:

> [I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.

654 F.2d at 414.

Because ARC is the movant, and because it has neglected to even acknowledge and more importantly to explain why the *Gupta* rule does not operate to "save" all of Mr. Johnson's retaliation or retaliation-based claims, *i.e.*, termination, reprimand, and/or administrative leave, the court rejects its efforts to foreclose any of these claims, especially at this early stage of the litigation.

At the same time, instead of pleading each specific act of discrimination and retaliation as separately numbered counts, Mr. Johnson's complaint is lumpily pled and in its present form violates the Eleventh Circuit's admonishment against shotgun pleading. Therefore, Mr. Johnson will be required to restate his complaint consistent with the Eleventh Circuit's anti-shotgun rule as explained in *Davis v. Coca-Cola*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008) and the related cases cited to therein. *See Davis*, 516 F.3d at 979 ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed."). In repleading, Mr. Johnson also should be mindful of the pleading requirements of *Twombly* and *Iqbal*, *supra*.

### IV. Conclusion

Accordingly, for the reasons explained above, the Motion is **GRANTED** to the limited extent that it seeks an order requiring Mr. Johnson to replead his complaint and is otherwise **DENIED**. Further, the deadline for Mr. Johnson to file his amended pleading is October 21, 2011.

**Failure by Mr. Johnson to replead as required by this Order may result in dismissal of this action for failure to prosecute.**

**DONE** and **ORDERED** this the 7th day of October, 2011.

_/s/ VEHopkins_
**VIRGINIA EMERSON HOPKINS**
United States District Judge