FILED
 2011 Dec-08 PM 04:20
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JAMES E. JOHNSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:11-CV-1727-VEH |
| | ) |
| **ARC OF JEFFERSON COUNTY,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiff James Ellis Johnson ("Mr. Johnson") initiated this job discrimination lawsuit against Defendant ARC of Jefferson County ("ARC") on May 25, 2011. (Doc. 1). Pending before the court is ARC's Motion To Dismiss and Compel Arbitration, Or, Alternatively, To Compel Arbitration and Stay the Action (Doc. 21) (the "Motion") filed on November 21, 2011. (Doc. 21). Mr. Johnson filed his opposition (Doc. 23) to the Motion on December 2, 2011, and on December 7, 2011, ARC followed with its reply. (Doc. 24). For the reasons explained below, the Motion is **GRANTED** as to the alternative relief requested by ARC and is otherwise **DENIED**.

**II.     Standard**

As Judge William H. Steele has explained the standard governing arbitration:

> The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA") is "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268, 1273 (11th Cir. 2002) (citation omitted). In that regard, "federal policy requires us to construe arbitration clauses generously, resolving all doubts in favor of arbitration." *Becker v. Davis*, 491 F.3d 1292, 1305 (11th Cir.2007); *see also Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003) (strong federal preference for arbitration of disputes expressed by Congress in FAA must be enforced wherever possible).
>
> Under the FAA, parties are generally free to structure their arbitration agreements as they see fit. *See Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478-79, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). "Generally, a court should enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights." *Davis*, 305 F.3d at 1273; *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) ("courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA") (citation omitted). Simply put, "a court can decline to enforce an arbitration agreement under the FAA only if the plaintiffs can point to a generally applicable principle of contract law under which the agreement could be revoked," such as fraud, duress, or some other misconduct or wrongful act recognized by law for revocation of a contract. *Caley*, 428 F.3d at 1371; *see also Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007) ("generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements") (citation omitted); *General Motors Corp. v. Stokes Chevrolet, Inc.*, 885 So. 2d 119, 122 (Ala. 2003) (similar).
>
> In determining whether the parties agreed to arbitrate a particular

dispute, courts consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996); *Hudson v. Outlet Rental Car Sales, Inc.*, 876 So. 2d 455, 457 (Ala. 2003). To resolve these questions, courts apply state-law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration. *See Caley*, 428 F.3d at 1368 ("state law generally governs whether an enforceable contract or agreement to arbitrate exists"). "Thus, in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts," taking into account the federal policy favoring arbitration. *Id.*

Under Alabama law, "[a]rbitration provisions are to be treated like any other contractual provision." *Service Corp. Int'l v. Fulmer*, 883 So. 2d 621, 633 n.15 (Ala.2003). In that regard, a party seeking to compel arbitration must prove "(1) the existence of a contract containing an arbitration agreement and (2) that the underlying contract evidences a transaction affecting interstate commerce." *Allied Williams Companies, Inc. v. Davis*, 901 So. 2d 696, 698 (Ala. 2004) (citation omitted). There being no dispute here that HCMS and Wendco have made the requisite showing, "the burden shifts to the opposing party to present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question." *Id.* (citation omitted); *see also Blue Cross Blue Shield of Alabama v. Rigas*, 923 So. 2d 1077, 1086 (Ala. 2005) (once party seeking to enforce arbitration agreement meets burden of showing existence of agreement, burden shifts to other side "to present evidence indicating that the arbitration provision is not valid or that it does not apply to the dispute in question").

In fixing the relevant burdens of proof in this manner, Alabama courts explain, a motion seeking to compel arbitration is "analogous to a motion for summary judgment." *The Dunes of GP, L.L.C. v. Bradford*, 966 So. 2d 924, 925-26 (Ala. 2007) (citation omitted). Where a nonmovant seeks to meet its burden by proving that an agreement to arbitrate is invalid, Alabama courts have cautioned that "[s]tatements in

motions and briefs are not evidence to be considered by the trial court in ruling on a motion to compel arbitration" and that properly supported motions to compel arbitration should be granted if the nonmovant presents no opposing evidence. *Providian Nat. Bank v. Conner*, 898 So. 2d 714, 719-20 (Ala. 2004) (internal citations and quotations omitted).

*Scurtu v. International Student Exchange*, 523 F. Supp. 2d 1313, 1318-19 (S.D. Ala. 2007).

### III. Analysis

Mr. Johnson essentially raises three challenges to the Motion. First, he maintains that the arbitration agreement (Doc. 22-1 at 6) is invalid and unenforceable. (Doc. 23 ¶¶ 3-5). Second, he contends that the agreement is unconscionable. (*Id.* ¶ 5). Third, he argues that ARC's connection with interstate commerce is insufficient for the agreement to be governed by the FAA. (*Id.* ¶ 6).

However, in making all these assertions, Mr. Johnson offers no supporting legal authority. This court is not obligated to address such a perfunctory and undeveloped opposition to arbitration. *See, e.g., Flanigan's Enters., Inc. v. Fulton Cnty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Moreover, for all the reasons aptly articulated in ARC's reply, each one of Mr. Johnson's propositions offered to prevent this case from being sent to arbitration is substantively flawed. For example, continued at-will employment is adequate consideration to support an agreement to arbitrate, and Mr. Johnson has not overcome the rebuttable presumption that the agreement was "properly mailed and received by" him.[1] (Doc. 24 at 2).

Also, Mr. Johnson has made no effort to show how the agreement is both procedurally and substantively unconscionable. Moreover, Mr. Johnson cannot meet the standard for substantive unconscionability as the remedies afforded to him in arbitration are identical to those available to him as a litigant. (Doc. 24 at 5); (*see also* Doc. 22-1 at 6 ("The arbitrator shall have the authority to grant any remedy or relief available under applicable law, including the award of reasonable attorney's fees")). Finally, the record substantiates that ARC's interstate commerce connection is sufficient.

Accordingly, the court finds that the arbitration agreement is valid and enforceable. However, rather than dismiss Mr. Johnson's case, this court will instead stay the matter and "retain[] jurisdiction to confirm or vacate the resulting arbitration

---

[1] Mr. Johnson's other points pertaining to lack of enforceability are equally without merit.

award under 9 U.S.C. §§ 9-10." *Scurtu*, 523 F. Supp. 2d at 1328 (citing *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998)).

## IV.  Conclusion

Therefore, the Motion is **GRANTED** only as to the alternative relief sought by ARC, the parties are **HEREBY ORDERED** to arbitrate the claims asserted in this action in accordance with the provisions of arbitration agreement, and the case is **HEREBY STAYED** pending arbitration.  The parties are further **ORDERED** to file a joint status report six months from the entry date of this order, and every three months thereafter.

**DONE** and **ORDERED** this the 8th day of December, 2011.

                                                                                  */s/ VEHopkins*
                                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                                  United States District Judge